## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

Theodore Roosevelt


     v.                              Civil No. 24-cv-243-JL-AJ

Samantha D. Elliott



### REPORT AND RECOMMENDATION

     Before the court is Plaintiff Theodore Roosevelt's
Complaint (Doc. No. 1).  Because Mr. Roosevelt is proceeding pro
se and in forma pauperis in this matter, the complaint is before
the court for preliminary review, pursuant to LR 4.3(d)(2) and
28 U.S.C. § 1915(e).


### Background

     In his Complaint, Mr. Roosevelt alleges that United States
District Court Judge Samantha Elliott dismissed a case he
recently filed in this Court, Roosevelt v. Lowe's, No. 24-cv-
184-SE-TSM (D.N.H.), after he made his best effort to fill out
the complaint form in that matter.  Mr. Roosevelt states that
Judge Elliott erroneously dismissed his case against Lowe's
because she dismissed the case without first "seeing or
talk[ing] to [Mr. Roosevelt] face to face."  Compl. (Doc. No. 1,
at 2).

## Discussion

### I.  Preliminary Review Standard

This court reviews complaints filed by plaintiffs proceeding in forma pauperis to determine, among other things, whether it states a claim upon which relief might be granted and whether any claim asserted therein is frivolous or malicious. See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(2).  The Court construes the pleading liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Disregarding legal conclusions, the court considers whether the factual content asserted in the complaint and inferences reasonably drawn therefrom, taken as true, state a claim to relief.  See Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013).  The Court may dismiss a complaint sua sponte at preliminary review if it fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2).

### II.  Ability to Consider this Case

Mr. Roosevelt sues a judge who sits in this Court.  As discussed below, the Court finds that Mr. Roosevelt has failed to state any claim upon which relief might be granted in this matter, and that the complaint does not contain any nonfrivolous claims, because the sole defendant named in this action is absolutely immune from suit.  As there is no room for any rational person to imagine that any bias could underlie the court's decision not to allow the proposed complaint to proceed,

neither the undersigned Magistrate Judge nor the District Judge in this case are required to recuse themselves.  See Swan v. Barbadoro, 520 F.3d 24, 26 (1st Cir. 2008).

II.  Judicial Immunity

The doctrine of judicial immunity "precludes lawsuits against federal judges for actions taken as part of . . . 'their judicial functions' to the extent money damages are claimed, and to the extent injunctive relief is sought." Verogna v. Johnstone, 583 F. Supp. 3d 331, 337 (D.N.H. 2022) (citations omitted), aff'd, No. 22-1364, 2022 U.S. App. LEXIS 37681, at *1, 2022 WL 19795808, at *1 (1st Cir. Nov. 14, 2022), cert. denied, 144 S. Ct. 135 (2023).  Here, Mr. Roosevelt brings suit based on his assertion that Judge Elliott's ruling dismissing his case was erroneous.  Judge Elliott's action dismissing the case was "indisputably 'judicial' in nature," and therefore Judge Elliott is protected by judicial immunity, which applies even when a plaintiff alleges that the judge's ruling was wrong.  Verogna, 583 F. Supp. 3d at 338 (citing Stump v. Sparkman, 435 U.S. 349, 362 (1978)).

Because Judge Elliott, the sole defendant in this suit, has absolute immunity from suit, Mr. Roosevelt fails to state any nonfrivolous claim upon which relief can be granted. Accordingly, the District Judge should dismiss the complaint in its entirety, pursuant to LR 4.3(d)(2) and 28 U.S.C. § 1915(e).

**Conclusion**

For the foregoing reasons, the District Judge should dismiss this action for failure to state a nonfrivolous claim upon which relief might be granted.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  The objection period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).  Only those issues raised in the written objections "'are subject to review in the district court,'" and any issues "'not preserved by such objection are precluded on appeal.'"  Id. (citations omitted).

**SO ORDERED.**

Andrea K. Johnstone
United States Magistrate Judge

August 20, 2024

cc:  Theodore Roosevelt, pro se